IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| MARCIA L. JACKSON, | ) | |
|---|---|---|
| Plaintiff, | ) ) ) | |
| v. | ) ) | Case No: 18-cv-2046-DDC-TJJ |
| KANSAS CITY, KANSAS PUBLIC SCHOOLS, UNIFIED SCHOOL DISTRICT NO. 500 | ) ) ) ) ) | |
| Defendant. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on Plaintiff's Motion to Compel: Defendant Objection to Witnesses Answering Interrogatories Submitted by Plaintiff (ECF No. 53). Plaintiff asks the Court to compel Defendant Kansas City, Kansas Public Schools, Unified School District No. 500 ("the School District") to provide answers to thirteen sets of Interrogatories Plaintiff served on defense counsel. As set forth below, the Court denies Plaintiff's motion.

### I. Relevant Background

Although the record does not disclose the date of service, Plaintiff served the following on the School District: Plaintiff's Interrogatories to Shannon Rinehart; Interrogatories to Keyhanna Johnson (First and Second); Interrogatories to Eugene Swygert; Interrogatories to Kathy Thomas; Interrogatories to Josh Mathiasmeier; Interrogatories to Lenora Miller; Interrogatories to Bridgette Desmet; Interrogatories to Karla Boykin; Interrogatories to William Harris; Interrogatories to Jody Mitchell; Interrogatories to Stacey Raith; and Interrogatories to Ramona Miller. On July 2, 2018, Defendant served its objections on Plaintiff.[1] Defendant

---
[1] *See* Certificate of Service, ECF No. 51.

objected to answering each interrogatory in all thirteen sets on the basis that Fed. R. Civ. P. 33 permits a party to serve interrogatories only on another party, and not on non-party witnesses. Defense counsel also sent a letter to Plaintiff explaining the objection and pointing out Plaintiff's right to take witnesses' depositions at her cost. On July 5, 2018, Plaintiff filed the instant motion.

## II. Whether Plaintiff Met Her Duty to Confer

Defendant urges the Court to deny Plaintiff's motion on the ground that Plaintiff failed to comply with the meet and confer requirements of Fed. R. Civ. P. 37(a)(1) and D. Kan. Rule 37.2. When a party seeks to compel discovery responses from another party, "[t]he motion must include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action."[2] In her reply, Plaintiff states that "Plaintiff and Defendants discussed this situation prior to proceeding."[3] Although the context of her statement does not make clear what "situation" Plaintiff refers to, the Court will not deny the motion for failure to make reasonable effort to confer concerning the matter in dispute as required by Fed. R. Civ. P. 37(a)(1) and D. Kan. Rule 37.2. However, the Court once again reminds Plaintiff of her obligation to follow and adhere to the local rules of this district.[4]

## III. Analysis

---

[2] Fed. R. Civ. P. 37(a)(1). In conjunction with this Federal Rule of Civil Procedure, Rule 37.2 of the local rules states that the court will not entertain a motion that does not contain the required certification, and provides guidance on what constitutes a "reasonable effort to confer." D. Kan. R. 37.2

[3] ECF No. 62 at 2.

[4] This includes Rule 37.1, which governs the content of discovery-related motions.

Plaintiff moves to compel Defendant to answer thirteen sets of interrogatories she served on defense counsel, all of which are directed to individual persons who are not parties to this action. In support of her motion, Plaintiff states that "Judge James ordered, Plaintiff to provide from the Defendant's list of witnesses interrogatories to be answered as part of the discovery process."[5] Plaintiff also refers to Fed. R. Civ. P. 33 and correctly recites that the rule permits a party to serve written interrogatories *on any other party.*

Plaintiff is mistaken in her understanding of the Court's statements during the Scheduling Conference in this case. While the Court did discuss with Plaintiff the various means of discovery available under the Federal Rules of Civil Procedure and the costs associated with taking depositions, the Court did not order Plaintiff to conduct discovery.

The Federal Rules of Civil Procedure do not permit a party to submit interrogatories to a *non-party* witness. Neither do the Federal Rules of Civil Procedure permit service of interrogatories directed to a non-party witness on another party with direction for the party to obtain answers from the non-party witness. Defendant objected to the interrogatories on this basis, and the objection is proper. Accordingly, the Court denies Plaintiff's motion.

**IT IS THEREFORE ORDERED THAT** Plaintiff's Motion to Compel: Defendant Objection to Witnesses Answering Interrogatories Submitted by Plaintiff (ECF No. 53) is **DENIED.**

---

[5] ECF No. 53 at 1.

**IT IS SO ORDERED.**

Dated this 24th day of July, 2018, at Kansas City, Kansas.

	Teresa J. James
	U. S. Magistrate Judge