IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| MARCIA L. JACKSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No: 18-cv-2046-DDC-TJJ |
| | ) | |
| KANSAS CITY, KANSAS PUBLIC | ) | |
| SCHOOLS, UNIFIED SCHOOL | ) | |
| DISTRICT NO. 500 | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on Plaintiff's Motion to Quash Defendant's Notice of Intent to Request Issuance of Business Records Subpoena (ECF No. 71). Plaintiff asks the Court to quash a third-party business records subpoena Defendant is issuing. Defendant opposes the motion to quash. As set forth below, the Court denies Plaintiff's motion.

On July 31, 2018, Defendant filed a notice of intent to request issuance of a business records subpoena to the Social Security Administration, pursuant to Fed. R. Civ. P. 45, to obtain information relating to benefits payable to Plaintiff and Plaintiff's application for social security benefits and/or supplemental security income.[1] Plaintiff moves to quash the notice. Defendant opposes the motion and explains that it is serving the records subpoena to obtain information regarding Plaintiff's Social Security benefits that Defendant requested from Plaintiff, but which Plaintiff did not provide.

Plaintiff argues the notice should be quashed on the grounds that it violates the Privacy Act of 1974 and seeks private, privileged, and irrelevant information.[2] Plaintiff has not

---

[1] ECF No. 70.

[2] Although not a motion, Plaintiff has also filed a "reply" to Defendant's notice of intent to issue

explained how the Privacy Act of 1974 grants the relief she requests, and the Court concludes the statute does not support the objection. Nor does Plaintiff state what privilege she believes applies to the requested information. As the Court has explained to Plaintiff on more than one occasion, an objection based on privilege requires the objecting party to identify the claimed legal privilege and demonstrate how the privilege applies to protect the requested information. Plaintiff has done neither.

Finally, the scope of discovery under a Rule 45 subpoena is the same as discovery under Rule 26.[3] In other words, the relevancy standards set forth in Rule 26 define the permissible scope of a Rule 45 subpoena. Relevancy is to be "construed broadly to encompass any matter that bears on, or that reasonably could lead to other matter that could bear on" any party's claim or defense.[4] Information still "need not be admissible in evidence to be discoverable."[5] When the discovery sought appears relevant, the party resisting discovery has the burden to establish the lack of relevancy by demonstrating that the requested discovery (1) does not come within the scope of relevancy as defined under Fed. R. Civ. P. 26(b)(1), or (2) is of such marginal relevancy that the potential harm occasioned by discovery would outweigh the ordinary presumption in favor of broad disclosure.[6] Conversely, when the relevancy of the discovery request is not

---

business records subpoenas to Plaintiff's former employers (J.C. Penney and the Internal Revenue Service) (ECF No. 67). Because Plaintiff's "reply" and this motion to quash raise the same issue, the Court construes ECF No. 67 as a motion and will deny it for the reasons stated herein.

[3] *Schneider v. CitiMortgage, Inc.*, No. 13-4094, 2014 WL 4749181, at *2 (D. Kan. Sept. 24, 2014).

[4] *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978).

[5] Fed. R. Civ. P. 26(b)(1).

[6] *Gen. Elec. Cap. Corp. v. Lear Corp.*, 215 F.R.D. 637, 640 (D. Kan. 2003).

readily apparent on its face, the party seeking the discovery has the burden to show the relevancy of the request.[7]  Relevancy determinations are generally made on a case-by-case basis.[8]

In this instance, the discovery sought appears relevant to Plaintiff's alleged damages and to Defendant's defenses thereto.  The burden therefore is on Plaintiff to establish lack of relevancy.  Plaintiff has not met her burden.

The Court points out that, at this point, Defendant has only filed a notice of intent to serve the subpoena.  The court record does not indicate Defendant has served the subpoena, so there is nothing for the Court to quash.  While the Court understands that Plaintiff proceeds pro se, the Court once again reminds Plaintiff that she must comply with the Federal Rules of Civil Procedure and this district's local rules.

For the reasons stated herein, the Court denies Plaintiff's motion.

**IT IS THEREFORE ORDERED THAT** Plaintiff's Motion to Quash Defendant's Notice of Intent to Request Issuance of Business Records Subpoena (ECF No. 71) is **DENIED.**

**IT IS SO ORDERED.**

Dated this 20th day of August, 2018, at Kansas City, Kansas.

*Teresa J. James*
Teresa J. James
U. S. Magistrate Judge

---

[7] *McBride v. Medicalodges, Inc.*, 250 F.R.D 581, 586 (D. Kan. 2008).

[8] *Brecek & Young Advisors, Inc. v. Lloyds of London Syndicate*, No. 09-cv-2516-JAR, 2011 WL 765882, at *3 (D. Kan. Feb. 25, 2011).